UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

HARBORSIDE TERRACE OWNERS
ASSOCIATION, INC.,

    Plaintiff,

v.                                                    Case No.:

LEXINGTON INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT

Harborside Terrace Owners Association, Inc. ("Harborside Terrace" or "Insured") sues Defendant, Lexington Insurance Company ("Lexington" or "Insurer"), and alleges:

## GENERAL ALLEGATIONS

1. This is an action for breach of contract wherein the Plaintiff's damages are in excess of seventy-five thousand dollars ($75,000), exclusive of interest, costs and attorney's fees.

2. Harborside Terrace is a Florida not for profit corporation with its principal place of business in Lee County, Florida as further described herein below.

3. Upon information and belief, at all material times hereto, Lexington is and was a citizen of Delaware and Massachusetts (Defendant is a surplus lines insurer incorporated in the State of Delaware with its principal place of business in the State of Massachusetts).

4. At all material times hereto, Lexington is and was authorized to, and did, sell and service property insurance policies within Lee County, Florida, including a policy to Harborside Terrace.

5. Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2).

6. All conditions precedent to the instant action have occurred, been performed, been waived or otherwise satisfied.

7. At all material times, in consideration of a premium paid by Harborside Terrace, there was in full force and effect a certain property insurance policy which provided certain coverages to Harborside Terrace's Property, bearing Policy Number 41-LX067992544 (the "Policy"). See attached as **Exhibit "A"** a true and correct copy of the Policy.

8. The Policy provides certain insurance coverages related to the property owned by Harborside Terrace as described in the Policy (the "Property").

9. On or about September 10, 2017, while the Policy was in full force and effect, Hurricane Irma damaged the Property (the "Covered Loss").

10. On or about September 12, 2017, Harborside Terrace promptly notified Lexington of the Covered Loss and Lexington assigned Claim No. 646-239728 (the "Claim") to the Covered Loss.

11. Lexington acknowledged coverage existed under the Policy for the Claim for damage resulting from Hurricane Irma.

12. Harborside Terrace requested an appraisal of the Covered Loss and Claim on or about February 14, 2020 and the disputed amount of loss was submitted to appraisal for binding determination in accordance with the Policy.

13. On March 12, 2021, the appraisal concluded with the appraisal panel issuing an appraisal award. See attached as **Exhibit "B"** a true and correct copy of the Appraisal Award.

14. On or about April 7, 2021, Lexington issued a partial payment to Harborside Terrace in the amount of $1,668,920.37. This payment was based on the Actual Cash Value determined in the appraisal.

15. Harborside Terrace has retained the undersigned law firm and is obligated to pay a reasonable fee for legal services and costs, and Harborside Terrace is entitled to recover its attorney's fees and costs pursuant to Sections 626.9373, 626.911, 57.104, 57.041, Florida Statutes.

## COUNT I – BREACH OF CONTRACT

16. Harborside Terrace incorporates prior allegations one through fifteen above as if set forth fully herein.

17. Harborside Terrace is the named insured under the Policy and said Policy was in full force and effect at all times material to this Complaint, including when Harborside Terrace's Property was damaged as described above.

18. Lexington has been notified of the completed repairs to the property pursuant to the Covered Loss so that depreciation can be paid in accordance with the

Replacement Cost Value determined in appraisal and owed pursuant to the Policy, yet as of the date of this filing, Lexington has failed to pay the same.

19. Lexington has materially breached the Policy by refusing to indemnify Harborside Terrace for the Covered Loss and Claim as determined through appraisal and due pursuant to the Policy, including but not limited to refusing to pay amounts due pursuant to the Margin Clause of the Policy, and refusing to pay amounts due for the Replacement Cost as outlined in the Policy and determined through the binding appraisal.

20. Harborside Terrace has suffered damages as a result of Lexington's material breach of the Policy.

21. As a result of Lexington's aforementioned breach of contract, it has become necessary that Harborside Terrace retain the services of the undersigned attorneys. Harborside Terrace is obligated to pay a reasonable fee for the undersigned attorneys' services in bringing this action including all resulting costs.

22. Harborside Terrace is entitled to recover attorney's fees and costs pursuant to Sections 626.9373, 626.911, 57.104, 57.041, Florida Statutes.

WHEREFORE Plaintiff, Harborside Terrace requests that this Court enter a judgment against the Defendant, Lexington for its damages, attorney's fees and costs and such other relief as this Court may deem to be just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Harborside Terrace Owner's Association, Inc., hereby demands a trial by jury on all issues so triable.

Dated: September 7, 2022.

                              **GOEDE, DEBOEST, & CROSS, PLLC**

                              By: /s/ *Amanda Broadwell*
                              Amanda Broadwell, Esq.
                              Florida Bar No.: 111388
                              Jessica Rodriguez, Esq.
                              Florida Bar No.: 1010846
                              ABroadwell@gadclaw.com
                              JDelgado@gadclaw.com
                              6609 Willow Park Drive, Suite 201
                              Naples, FL 34109
                              (239) 331-5100 – Telephone
                              (239) 260-7677 – Facsimile
                              *Attorneys for Plaintiff*